01
02
03
04
05
06
07
08
09
10
11
12
13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MOLOTOV PAULING,  ) Case No. 04-02203-JCC-JPD
    )
   Petitioner,  )
   )
v.  )
   ) ORDER ON JURISDICTION AND
CHRISTINE O. GREGOIRE,  ) DIRECTING ANSWER ON MERITS
   )
   Respondent.  )
_____ )

14   On March 29, 2000, the petitioner Molotov Pauling was convicted of two counts of
15 second degree extortion. Dkt. No 12, Ex. 1. He was sentenced to 90 days in county jail and
16 ordered to attend a court-ordered domestic violence program, which he still attends. Dkt. No
17 12, Exs. 1, B. On October 27, 2004, petitioner filed a petition for writ of habeas corpus
18 pursuant to 28 U.S.C. § 2254, claiming that the statute used to convict him violates the First
19 and Fourteenth Amendments to the U.S. Constitution. Dkt. No. 1. Respondent's Answer
20 asserted that the Court lacked jurisdiction to consider the petition because petitioner
21 completed his incarceration and is therefore no longer "in custody" for purposes of § 2254.
22 Dkt. No. 11. Petitioner's responded that, although he is no longer physically imprisoned, his
23 mandatory attendance at a court-ordered domestic violence program satisfies the "in custody"
24 jurisdictional requirement. Dkt. No. 16.
25   Having considered the parties' pleadings and state court record, the Court hereby
26 orders:

ORDER ON JURISDICTION AND DIRECTING
ANSWER ON MERITS
PAGE -1

01  (1)  Petitioner is "in custody" for purposes of § 2254 and the Court has jurisdiction
02 to consider the merits of his petition. Before federal courts can exercise jurisdiction to issue a
03 writ of habeas corpus, a petitioner must be "in custody pursuant to the judgment of a State
04 court . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §
05 2254(a).

06  The Supreme Court has held that "once the sentence imposed for a conviction has
07 completely expired, the *collateral consequences* of that conviction are not themselves
08 sufficient to render an individual 'in custody' for the purposes of a habeas attack." *Maleng v.*
09 *Cook*, 490 U.S. 488, 492 (1989) (per curiam) (emphasis added). In general, fines, the inability
10 to vote, and the revocation of certain licenses have been held to constitute "collateral
11 consequences" that do not satisfy the "in custody" requirement. *Williamson v. Gregoire*, 151
12 F.3d 1180, 1183 (9th Cir. 1998) (internal citations omitted).

13  However, even when a petitioner is not physically incarcerated, conditions that
14 "significantly restrain [his] liberty to do those things which in this country free men are entitled
15 to do" can render him "in custody." *See Jones v. Cunningham*, 371 U.S. 236, 243 (1963).
16 Court-ordered attendance at rehabilitative courses renders a petitioner "in custody" for
17 purposes of § 2254 because requiring "physical presence at a particular place significantly
18 restrains [one's] liberty." *Dow v. Circuit Court of the First Circuit*, 995 F.2d 992, 993 (9th
19 Cir. 1993).

20  Here, petitioner's continuing non-voluntary participation in a court-ordered domestic
21 violence program satisfies the "in custody" requirement. Petitioner is required to attend
22 court-ordered rehabilitative courses that require his physical presence at specific places and
23 times. Dkt. No 12, Ex. B. Petitioner therefore suffers a significant restraint on his liberty to
24 "do those things which free persons in the United States are entitled to do." This Court has
25 jurisdiction over the petition.

26  (2)  Respondent shall have thirty (30) days from the date of this Order to file an

ORDER ON JURISDICTION AND DIRECTING
ANSWER ON MERITS
PAGE -2

01 amended answer addressing the merits of the petition.  Petitioner shall then have fifteen (15)

02 days to file an optional reply.

03         (3)     The Clerk shall direct copies of this Order to all counsel of record and to the

04 Honorable John C. Coughenour.

05         DATED this 6th day of April, 2005.

07                                         /s/ James P. Donohue
                                            United States Magistrate Judge

ORDER ON JURISDICTION AND DIRECTING
ANSWER ON MERITS
PAGE -3